Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6293 | **DATE** | September 28, 2011 |
| **CASE TITLE** | Markeis L. McKinnis (#2011-0005625) v. Officer Aaron Bandy | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund official at Plaintiff's place of confinement to deduct $19.00 as an initial partial filing fee from Plaintiff's trust fund account and to continue making deductions from the account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Will County Jail. The clerk shall issue summons for Will County Officers Aaron Bandy, Thomas Conroy, and Terrence Gruber. The clerk shall send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ **[For further details see text below.]**

Docketing to mail notices.

# STATEMENT

Plaintiff Markeis McKinnis, Will County Jail detainee #2011-0005625, has filed a 42 U.S.C. § 1983 complaint against three Will County officers. Plaintiff alleges that, on April 10, 2010, while riding as a passenger in a car, he was stopped for no reason by Officers Aaron Bandy and Terrence Gruber. After a search revealed nothing, Plaintiff and the officers exchanged words, which culminated in the officers arresting Plaintiff and allegedly beating him after he was in the back seat of the police car handcuffed. Plaintiff was charged with resisting arrest. Plaintiff was released a week later. On August 19, 2010, Plaintiff was again arrested, this time by Officers Gruber and Thomas Conroy. Plaintiff remained in the Will County Jail until January 2011, when his case was dismissed. Sometime later, Plaintiff returned to the jail and filed this suit.

Plaintiff's *in forma pauperis* application reveals that he is unable to prepay the $350 filing fee. The court grants the motion and assesses an initial partial filing fee of $19. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct, when adequate funds exist, the initial filing fee from plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee, and trust fund officers at Will County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

    This court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Based upon the allegations described above, Plaintiff has stated colorable causes of action against the Defendant officers. Summons shall issue for Will County Officers Aaron Bandy (#252), Thomas Conroy (#271), and Terrence Gruber (#261).

    The United States Marshal's Service shall serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return the forms may result in the dismissal of claims against unserved Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials at the Will County Police Department shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt to serve the Defendants personally.

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

    Plaintiff's motion for the appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Considering the factors relevant to the appointment of counsel, the Court finds that counsel is not warranted at this time. Plaintiff has not demonstrated that he made reasonable attempts to secure counsel or has been precluded from doing so. Nor are the issues of this case complex at this time. Additionally, Plaintiff pleadings indicate that he is competent to represent himself at this stage of the proceedings. *See Pruitt*, 503 F.3d at 654. Accordingly, his request for the appointment of counsel is denied without prejudice.